## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Jesus Herrera | ) | Case No. 13 B 28625 |
| | ) | |
| | ) | HON. JACK B. SCHMETTERER |
| Debtor | ) | |
| | ) | |
| Jesus Herrera | ) | |
| | ) | |
| | ) | ADVERSARY NO.: 13-01032 |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| JP Morgan Chase Bank, N.A. | ) | |
| | ) | |
| Defendant | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to an Order of Default and because the allegations in the Complaint have been taken as confessed against Defendant JP MORGAN CHASE BANK, N.A. the following findings of fact and conclusions of law are made and will be entered:

1.      Plaintiff Jesus Herrera is an individual residing at 5533 S. Kedvale, Chicago, Illinois 60629.

2.      JP MORGAN CHASE BANK, N.A. is a lender and servicer of mortgages.

3.      This Adversary Proceeding arises under Sections 502 and 506 of the United States Bankruptcy Code.

4.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§151,157 and 1334 and this is a core proceeding under 28 U.S.C. §157.

5.      Plaintiff is the owner of real estate located 5533 S. Kedvale, Chicago,

Illinois 60629 with a property index number of 19-15-205-017-0000.

6.      The fair market value of the real estate is approximately $123,833.00

pursuant to a Comparative Market Analysis marked Exhibit A to the original Adversary

Complaint.

7.      A first mortgage lien is currently held by Central Loan Administration &

Reporting (commonly known as "Cenlar") in the approximate amount of $128,528.71, as

evidenced by a recent mortgage statement attached as Exhibit B to the original Adversary

Complaint.  Cenlar has not filed a Proof of Claim to date in Debtor's bankruptcy case.

8.      Defendant JP MORGAN CHASE BANK, N.A., holds a junior mortgage

of approximately $74,777.00, as evidenced by a page from Debtor's credit report from

July 17, 2013 referencing the debt owed to Chase, attached to the original Adversary

Complaint as Exhibit C.  Chase has not filed a Proof of Claim in Debtor's bankruptcy

case, or otherwise plead in this Adversary Proceeding, and Debtor does not receive

monthly mortgage statements from Chase.

9.      Under 11 U.S.C.§§506(a) and 506(d), Defendant's junior mortgage would

be allowed a secured claim to the extent of the value of the estate's interest in the

property securing the claim, and Defendant's lien is void to the extent it is not allowed a

secured claim.

10.     The amount owed on the first mortgage exceeds the value of the real

estate.

11.     Due to the junior mortgage lien held by Defendant being wholly

unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped

off.  Please See *In re Waters*, 276 B.R. 879 (Bankr. N.D. Ill. 2002), *Pond v. Farm*

*Specialist Realty* (*In re Pond*), 252 F.3d 122 (2nd Cir. 2001); *McDonald v. Master Fin.,*

*Inc.* (*In re McDonald*), 205 F.3d 606 (3rd Cir. 2000); *In re Bartee*, 212 F.3d 277 (5th Cir.

2000); *In re Lane*, 280 F.3d 663 (6th Cir. 2002*); Zimmer v. PSB Lending Corp.*, 313 F.3d

1220 (9th Cir. 2002); and *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000).

12.    Pursuant to 11 U.S.C. §1325(a)(5) the second mortgage of JP MORGAN

CHASE BANK, N.A., shall be stripped off and shall be null and void upon Plaintiff

obtaining a discharge under 11 U.S.C. §1328.

By the Court

_____

Judge Jack B. Schmetterer

OCT 0 7 2013